UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RALPH ANTHONY KNOX, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | No. 4:10CV1321 RWS |
| UNITED STATES OF AMERICA, | ) |  |
| Respondent. | ) |  |

**MEMORANDUM AND ORDER**

This matter is before me on Ralph Anthony Knox's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#1], Knox's motion for leave to amend his 28 U.S.C. § 2255 petition [#24], and Knox's motion to dismiss his indictment [#31]. In his § 2255 motion, Ralph Anthony Knox challenges the legality of his arrest, conviction, and sentencing. Knox also alleges that he was denied effective assistance of counsel and that the prosecutor engaged in misconduct. Knox requests that I vacate the judgment against him, release him pursuant to time served, and resentence him to a maximum sentence of sixty months. Because Knox's motions are without merit, they will be denied.

**I.     Background**

On October 3, 2007, a Grand Jury returned an indictment charging Ralph Anthony Knox with one count of possession of pseudoephedrine with intent to manufacture a controlled substance in violation of 21 U.S.C. § 841(c)(1) and 18 U.S.C. § 2. After Knox testified before the Grand Jury against Gina Morrison and Clay Wallace, the Grand Jury returned a superceding indictment that amended the charge against Knox. The superceding indictment charged Knox

1

under 21 U.S.C. § 841(c)(2) for possession of pseudoephedrine knowing and having reasonable cause to believe it would be used to manufacture a controlled substance. A conviction pursuant to the original indictment would have resulted his being classified as a "Career Offender" under the United States Sentencing Guidelines, subjecting him to an enhanced or increased penalties. The charge in the superceding indictment did not expose Knox to "Career Offender" status and ultimately he was not sentenced as a Career Offender.

The relevant facts are as follows:

On September 11, 2007, investigators executed a search warrant of Knox's residence, 10 Paul Drive, Troy, Missouri. The search warrant affidavit listed the address to be searched as 3 Paul Drive and described the property as "one brown single-wide mobile home with white trim and shutters, with the front door facing to the approximate north. There is also an enclosed porch on the front of the residence." Mot. to Vacate Ex. B at 2. After detectives arrived on the property, they obtained a second search warrant for a shed located on the property. Id. at Ex. C.

Knox complained frequently about his appointed legal representation and, as a result, he had a series of lawyers represent him throughout the court proceedings. Knox repeatedly expressed to each of his lawyers that he believed the search warrants were invalid for three reasons: the warrant listed the incorrect address; the warrant was stamped and not signed; and the officers allegedly investigated the shed prior to receiving the second warrant.

Knox's third attorney filed a motion to suppress evidence obtained from the search warrants. On November 13, 2007, Knox's attorney filed a motion to withdraw the motion to suppress.

On December 7, 2007, after a series of proffer interviews with the U.S. Attorney, Knox appeared before a Grand Jury and gave testimony against Gina Morrison and Clay Wallace. The Grand Jury returned a superceding indictment, naming Morrison and Wallace as Knox's co-defendants, and charging each of them under 21 U.S.C. § 841(c)(2).

In April 2008, Knox testified at the trial of Gina Morrison and Clay Wallace. On May 8, 2008, Knox pled guilty to the superceding indictment.

Throughout August 2008, Knox sent me a series of letters about various conflicts with his attorneys. On November 18, 2008, I gave Knox the opportunity to withdraw his guilty plea and he refused. On January 7, 2009, I sentenced Knox to a term of 130 months in prison based on a total offense level of twenty-seven and criminal history category IV. The applicable sentencing guideline range for this offense level and criminal history is 130 to 162 months. Sentencing Hr'g Tr. 71-72. On more than one occasion I gave Knox the opportunity to withdraw his guilty plea and thereby permit him to litigate the issues he raises now. Knox adamantly stated that he was guilty and would not withdraw his guilty plea. Sentencing Hr'g Tr. 4. During the sentencing hearing, I again gave Knox the opportunity to withdraw his guilty plea. Knox again repeatedly refused to withdraw his plea.

Knox filed an appeal with the United States Court of Appeals for the Eighth Circuit on January 13, 2009 and voluntarily dismissed the appeal on July 13, 2009.

## II. Discussion

### A. Section 2255 Motion to Vacate, Set Aside, or Correct Sentence

In his Section 2255 motion, Knox asserts seven challenges to the legality of his arrest,

3

conviction, and sentence.

### 1. Fourth Amendment Suppression Claim

Knox claims his conviction was based on evidence obtained from an unconstitutional search of his property because the search warrant did not list the correct address for his residence. The warrant listed the address to be searched as 3 Paul Drive while the accurate address was 10 Paul Drive. Knox also alleges the search was unconstitutional because the warrant was stamped, not signed, by the judge, and because officers allegedly did not obtain the second search warrant prior to examining the shed. These claims fail because Knox relinquished his right to appeal issues concerning the search warrant and because he failed to raise these issues on direct appeal.

"[W]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973). During Knox's plea hearing I told Knox that the U.S. Attorney would state the facts she believed would be proven at trial beyond a reasonable doubt. I asked Knox to listen carefully because I was going to ask him if he did what the U.S. Attorney said that he did. After the U.S. Attorney stated what she expected to prove at trial, Knox and I had the following exchange:

> THE COURT: Mr. Knox, is what the Assistant U.S. Attorney said true?
>
> THE DEFENDANT: Yes, sir.

Plea Hr'g Tr. 18.

After extensively discussing Knox's plea agreement, Knox and I had the following exchange:

THE COURT: Mr. Knox, do you understand the possible consequences of pleading guilty today, sir?

THE DEFENDANT: Yes, sir.

THE COURT: After all the things we have talked about, is it still your decision to plead guilty?

THE DEFENDANT: Yes, sir.

Plea Hr'g Tr. 20-21.

During his sentencing hearing, Knox further affirmed his guilt stating "I done [sic] incriminated myself so many times, there would be vigorous prosecution by the Government if I was [sic] to withdraw my guilty plea." Sentencing Hr'g Tr. 13-14.

Because Knox admitted in open court that he was guilty, his claim fails.

Knox also relinquished his right to appeal issues concerning the search warrant in his plea agreement. Plea Agrmt 4. The plea agreement expressly states "[t]he defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to [28 U.S.C. § 2255], except for claims of prosecutorial misconduct or ineffective assistance of counsel." Id. Knox's claim regarding the search warrant does not relate to either prosecutorial misconduct or ineffective assistance of counsel. As a result, the claim fails.

Finally, Knox failed to raise this claim on direct appeal. "A collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." Poor Thunder v. United States, 810 F.2d 817, 823 (8th Cir.1987) (internal citation omitted). Knox filed a direct appeal with the United States Court of Appeals for the Eighth Circuit on January 13, 2009. However, Knox then requested that his appeal be dismissed and the Eighth Circuit granted his request on July 13, 2009. Because Knox voluntarily dismissed his appeal, he abandoned those grounds for relief on direct appeal. Because Knox's claim regarding suppression of evidence could have been raised on direct appeal, but was not, he cannot now raise the claim in his § 2255 motion unless he can show both 1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir.1993); Mathews v. United States, 114 F.3d 112, 113 (8th Cir.1997). Knox makes no attempt to excuse the procedural default of his claims. Therefore, he may not raise his defaulted claim in this § 2255 proceeding. As a result, I will deny the relief Knox seeks for these claims.

### 2. Ineffective Assistance of Counsel

The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Knox must first show that counsel's performance was deficient. Id. at 687. This requires showing that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's

6

performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. at 689. Second, Knox "must show that the deficient performance prejudiced the defense." Id. at 687. This requires Knox to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The court need not address both components if the Knox makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F. 3d 238, 241 (8th Cir. 1995).

"The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill v. Lockhart, 474 U.S. 52, 56 (1985) (internal quotation and citations omitted). When "a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" Id. (citation omitted). The two-part Strickland test applies to challenges to guilty pleas based on ineffective assistance of counsel. Id. at 59.

### a. Failure to Suppress Search Warrants

Knox alleges his counsel was ineffective for failing to suppress evidence from the allegedly invalid search warrants. Knox's allegation is refuted by the record. On October 10, 2007 Knox orally moved for suppression of evidence and on November 7, 2007 Knox's counsel filed a motion to suppress. According to the Order entered by Judge Noce on November 13,

2011, Knox "appeared in open court, with counsel, and under oath voluntarily waived his right to go forward on the motions to suppress evidence, waived his right to file any further pretrial motions, and waived his right [to] have a pretrial hearing in this case at this time and in the future." Judge Noce then withdrew Knox's oral motion for suppression and documentary motion to suppress. United States v. Knox, 4:07CR582RWS, Docket No. 38. Counsel's correspondence with Knox following the withdrawal of the motions indicate the motions were withdrawn as part of a negotiation strategy with the prosecuting attorney. Docket No. 14 at 16.

On habeas review, courts "will not second-guess strategic decisions or exploit the benefits of hindsight." Flowers v. Norris, 585 F.3d 413, 417 (8th Cir. 2009). "Generally, trial strategy and tactics are not cognizable in a federal habeas corpus proceeding." Becker v. Luebbers, 578 F.3d 907, 913 n. 4 (8th Cir. 2009). Counsel's strategy ultimately led to the Grand Jury returning a superceding indictment for a crime that resulted in Knox not being sentenced as a Career Offender and, as a result, Knox received a shorter sentence than he would have received under the original indictment. Because defense counsel's strategic decisions are entitled to great deference, I conclude that defense counsel's performance was not unreasonable.

### b. *Failure to Secure Immunity*

Knox alleges that counsel failed to inform him that his Grand Jury testimony against Wallace and Morrison could be used against him in a superceding indictment and that counsel failed to secure immunity before his Grand Jury testimony. Knox's claim lacks merit. Counsel's strategy for Knox to testify before the Grand Jury resulted in his being charged with a less serious offense and a receiving a shorter sentence. Counsel consistently informed Knox about the

8

proceedings of the case, and responded to Knox's inquiries. Knox has failed to establish that he was prejudiced by counsel's strategy and, as a result, his claim fails.

        c.        *Guilty Plea was Coerced*

Knox also alleges he was coerced by counsel and the U.S. Attorney to testify before the Grand Jury, thereby making his guilty plea not knowing or intelligent. Knox makes multiple allegations that counsel told him he had no choice but to plead guilty and cooperate. A guilty plea that is induced by promises or threats prevent it from being a voluntary act, is void and open to collateral attack. Machibroda v. United States, 368 U.S. 487, 492 (1962).

Knox's claims are refuted by the record. During Knox's plea hearing, I asked him multiple times if he had been threatened into signing the agreement:

> THE COURT: Has anybody threatened you or in any way forced you to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> * * *
>
> THE COURT: Has anybody offered you anything or given you anything to get you to plead guilty?
>
> THE DEFENDANT: No, sir.

Plea Hr'g Tr. 7-16.

Furthermore, I gave Knox multiple opportunities to withdraw his guilty plea. During his sentencing hearing, we had the following exchange:

> THE COURT: I gave you the opportunity on numerous occasions and will renew the

9

opportunity now, for you to withdraw your guilty plea and proceed.

THE DEFENDANT: No, Your Honor.

THE COURT: We'll start over. I can cure the problem right now.

THE DEFENDANT: I can't. I done [sic] incriminated myself so many times, there would be vigorous prosecution by the Government if I was [sic] to withdraw my guilty plea.

Sentencing Hr'g Tr. 13-14.

Because the record clearly indicates that Knox voluntarily entered and reaffirmed his guilty plea, I find this claim is without merit and will deny the relief sought.

### d. *Promised Sentence of Seventy to Eighty-Seven Months*

Knox alleges that counsel promised he could get Knox a sentence of seventy to eighty-seven months as a result of is cooperation. His allegation is directly refuted by the record. During his plea hearing, Knox admitted under oath that he read, signed, understood, and agreed with the contents of his plea agreement. Plea Hr'g Tr. 7-8. The plea agreement did not recommend a particular sentence. He also indicated that he was fully satisfied with his attorney's performance. Id. I had following exchange with Knox:

THE COURT: You understand that the sentence for the charge to which you're pleading guilty is a term of imprisonment not to exceed 20 years?

THE DEFENDANT: Yes, sir.

* * *

THE COURT: You understand that by pleading guilty you are subjecting yourself to the

maximum penalties just described?

THE DEFENDANT: Yes, sir.

THE COURT: Now, at the time of sentencing your lawyer and the Government's lawyer may make recommendations to me about what your sentence should be, but you understand I'm not required to follow their recommendations?

THE DEFENDANT: Yes, sir.

THE COURT: If the sentence is more severe than you had hoped for or more severe than the lawyers recommend, that's not a reason or basis for you to seek to withdraw your guilty plea. Do you understand that?

THE DEFENDANT: Yes, sir.

Plea Hr'g Tr. 19-20.

The plea agreement did not contain a suggested guideline range of seventy to eighty months imprisonment and Knox stated that he had not received any other promises other than those set out in the plea agreement. Knox acknowledged repeatedly under oath that he understood he could be sentenced to the maximum term of twenty years. He cannot contradict his statements now. While a guilty plea taken in open court is not invulnerable to collateral attack in a post-conviction proceed, the defendant's representations during the plea carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). It is Knox's heavy burden to overcome those statements, and he has failed to do so. As a result, I will deny his claim.

### e. Failure to Investigate Knox's Background

Knox claims that his counsel was ineffective for failing to examine his criminal history record and challenges his classification as a "Career Offender" under U.S.S.G. § 4B1.1. Knox alleges that even under the original indictment he would not have been subject to sentencing as a career criminal because his prior crimes were part of a common scheme and treated as a single sentence. This claim is without merit because Knox was not classified as a career offender.

The plea agreement Knox signed indicates

> The charges as filed in the original indictment alleged a violation of Title 21, United States Code, Section 841(c)(1), which the parties agree *may* have resulted in the defendant being classified as a "Career Offender" under section 4B1.1. The amended charge under Section 841(c)(2) will *not* result in a 'Career Offender' classification, with the result that defendant will be subject to a substantially lower range under the Guidelines."

Plea Agrmt. 2 (emphasis added). As a factual matter, Knox was not classified as a career offender for purposes of the Sentencing Guidelines. During the hearing, Knox's "stand by" attorney spoke on his behalf and referred to Knox as "not being charged as a career offender." Sentencing Hr'g Tr. 64. Knox indicated his attorney spoke fully on his behalf. Id. at 66. Because Knox was not classified as a career offender for purposes of sentencing, this claim is without merit and is denied.

### 3. Prosecutorial Misconduct for Failing to Provide What was Promised

Knox alleges that the U.S. Attorney told him that he would only be charged for the pseudoephedrine pills found in the shed and that the US Attorney would provide U.S.S.G. § 5K.1 assistance. Knox's allegation is refuted by the record. The plea agreement directly states:

"Defendant understands that the U.S. Attorney will make NO motion on his behalf under Section 5K1.1." Plea Agrmt. 5 (emphasis in original). During his plea hearing, Knox and I had the following exchange:

> THE COURT: Does this agreement contain all the promises made to you by the United States?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: I mean, now is the time to tell me. You understand that if they promised you something and it's not written down and you want me to enforce it, you got [sic] to tell me about it. Do you understand that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: So it's all here?
>
> THE DEFENDANT: I'm sorry, what?
>
> THE COURT: Your entire agreement is in this document?
>
> THE DEFENDANT: Yes, sir.

Plea Hr'g Tr. P. 15-16.

I gave Knox three opportunities to tell me if the U.S. Attorney had promised him anything else, and each time he said no.

During Knox's plea hearing, the U.S. Attorney specifically indicated "The Government is not going to make further motions under Rule 5k1.1." Plea Hr'g Tr. P. 13. Because Knox's claim for prosecutorial misconduct is wholly refuted by the record, it fails.

## B. Motion For Leave to Amend

Knox has filed a motion for leave to amend his § 2255 petition [#24]. Knox's original § 2255 petition alleges several grounds for ineffective assistance of counsel and that the evidence obtained by prosecutors was gathered in violation of his rights under the Fourth Amendment. Knox previously moved to amend his original § 2255 motion to add a claim that his counsel engaged in a conspiracy with prosecutors and state officials to deprive him of his rights. I denied his motion. Now, Knox moves again to amend his original § 2255 motion to assert a conspiracy claim. Knox's proposed amended motion is wholly conclusory and does not allege any facts, which if proved would entitle Knox to the relief he seeks. The motion does not contain each of the claims Knox brought in the original motion.

Rule 15 of the Federal Rules of Civil Procedure states that "[t]he court shall freely give leave [to amend] when justice so requires." The Supreme Court has enunciated the following general standard, which is to be employed under Rule 15(a) by district courts:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of [Knox], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962); see also, Coleman v. Ramada Hotel Operating Co., 933 F.2d 470, 473 (7th Cir. 1991) ("Although the federal rules generally favor a liberal amendment policy, justice does not demand that [a party] be given leave to amend frivolous or repetitive allegations to her complaint at any stage in the proceedings.").

I will deny the motion to amend because the proposed amendments are futile because they lack sufficient facts to state a plausible claim for relief. Accordingly, Knox's motion for leave to amend his § 2255 motion is denied.

### C. Motion to Dismiss Indictment

Knox has filed a motion to dismiss his indictment [#31]. This motion partially reasserts the conspiracy claim asserted in his previous motions to amend, and reasserts his arguments regarding the search warrant, ineffective assistance of counsel, and prosecutorial misconduct in his § 2255 petition. To the extent Knox's motion is intended to amend his petition, it is denied for the reasons stated above. To the extent the motion is intended to strike his indictment, it is denied because it fails to articulate any legal basis for such relief.

### D. An Evidentiary Hearing is not Warranted

Knox requests an evidentiary hearing be held. Generally, 28 U.S.C. § 2255 entitles Knox to a hearing on the merits of their petition. 28 U.S.C. § 2255 (2006). A movant is entitled to an evidentiary hearing "unless the motion, files, and records of the case conclusively show that he is entitled to no relief." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citation omitted). An evidentiary hearing need not be held if Knox's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). Accordingly, "a claim may be dismissed without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir.

1994).  Here, when I consider the file as a whole, I find that Knox's claims are inadequate on their face and are conclusively refuted by the record. Therefore, I find that no evidentiary hearing is necessary.

## III.     Certificate of Appealability

To grant a certificate of appealability, a court must find a substantial showing of a denial of a constitutional right. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve those issues differently, or the issues deserve further proceedings.").  Based on the foregoing, I find that Knox did not provide a sufficient basis to conclude that he was denied a constitutional right.  Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED**  that the motion of Ralph Anthony Knox for leave to amend his 28 U.S.C. § 2255 motion [# 24] is **DENIED**.

**IT IS FURTHER ORDERED** that Ralph Anthony Knox's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for an evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that as Knox has not made a substantial showing of a denial of a constitutional right this Court will not issue a certificate of appealability.

**IT IS FINALLY ORDERED** that Knox's motion to dismiss indictment [#31] **DENIED**.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of August, 2011.